DATE SIGNED: May 25, 2022

Electronically signed by Brian Asmus
Court Commissioner

STATE OF WISCONSIN      CIRCUIT COURT      DANE COUNTY
BRANCH 8

In Re the Marriage of:

Carsten J. Quinlan

         Petitioner,
and

Alissa L. Puls

         Respondent,      Dane County Case No. 21FA1002

## STIPULATION AND ORDER FOR PRIVATE CUSTODY STUDY

    THIS AGREEMENT is between **Carsten Quinlan**, hereafter referred to as the "petitioner," and **Alissa Puls**, the "respondent."

    WHEREAS, the parties to the above action have a divorce pending, but have been unable to reach a final agreement about custody and placement of their child/ren; and

    WHEREAS, the parties have agreed to secure the services of a qualified independent provider to conduct a private custody and placement study in this matter;

    NOW, THEREFORE, the parties agree that the following terms and conditions may be entered as an Order of the court:

    1.    The parties agree to the appointment of Shelly Anday, Family Court

**Exhibit 1**

Consulting Services, LLC, here after referred to as the "evaluator" to provide all of the necessary services required by Section 767.405(14) Wis. Stats. to complete and submit a formal report to the Court and counsel only (unless otherwise agreed or ordered by the Court) including recommendations for custody and/or placement of their minor child/ren. No copies shall be provided to the parties absent further Court order.

2. The parties will cooperate in all respects with the above described custody and placement study, provide requested releases and documentation and make themselves available for interviews.

3. The parties understand that any information obtained or given in the evaluation process is not protected or privileged information under client/therapist privilege and will be shared with the attorneys and the Court.

4. Neither party will raise evidentiary *Daubert* objections to the qualifications of the evaluator agreeing that she has the expertise required to conduct the said study and offer opinions at trial concerning the best interests of the child/ren as necessary. The report prepared herein will be submitted as direct examination of the evaluator, if testimony at trial is required. This provision does not imply the parties stipulate to the accuracy of the facts underlying her report and recommendation.

5. Advocacy counsel will copy each other and the Guardian ad Litem (GAL) on any correspondence with the evaluator and will limit telephone contact with her to joint conference calls. Since it is anticipated the GAL and evaluator will be routinely sharing information during the pendency of this action, the above restriction does not apply to the GAL. It is not the evaluator's obligation to provide a copy of any information she receives to the other side.

6. The parties understand that counsel, the guardian ad Litem and the evaluator may have social relationships in additional to professional relationships.

    a. The parties agree that the evaluator's relationship with any attorney or/and guardian ad Litem will not affect her neutral and independent evaluation in his matter.

    b. The parties have thoroughly discussed this issue with their own counsel and understand the issue. The parties give their consent to this agreement voluntarily and free of coercion.

    c. The parties agree that existing professional and social relationships of the evaluator with counsel and the GAL do not form any basis for claims of bias on the part of the evaluator and to refrain from taking testimony at depositions or trial regarding this issue.

7. A nonrefundable fee of **$6000.00** will be paid in advance for services required to complete the custody and placement study herein in a manner which takes into consideration statutory factors identified in Section 767.41(5); subject to the following:

    a. If allegations of physical or sexual abuse of a party or child; serious addiction issues or major mental health concerns are raised as issues, additional services may be required from consulting providers and additional fees may be charged by the evaluator at a rate of $200.00 per hour; and may require an additional retainer.

    b. Services necessary to prepare for or testify at depositions or trial will be billed at a rate of $200.00 per hour; and will require an additional retainer to be paid in advance. If ordered, copies will be provided for a fee of $25.00 plus .25 per page.

    c. Expenses incurred by the evaluator on behalf of the parties as necessary to complete the study; including, but not necessarily limited to acquisition of medical or other confidential records.

8. The evaluator will exercise reasonable diligence in providing services herein and will complete a report required by this order within 120 days of the start date.

9. The evaluator will have sole discretion with regards to the manner in which the study is conducted, subject to the statutory requirements referenced above herein. The evaluation process used will be consistent with the AFCC Guidelines.

10. During the conduct of the study, the parties will have no access to the file of the evaluator. Once the report is complete, counsel may have access to

the file subject to the condition that no records will be copied without a Court order. Subject to the above, the evaluator's file will be confidential and held under seal at the conclusion of this matter.

11. This agreement binds the parties, counsel, and any successor counsel.

12. The evaluator is hereby designated as a court appointed expert within the meaning of Section 907.06 Wis. Stats.; and as such, shall be granted quasi-judicial immunity and indemnified against any claims of negligence in the conduct of the study.

**IT IS SO STIPULATED**:

_____ 5/12/2022          _____ May 20, 2022
Carsten J. Quinlan                          Alissa L. Puls
Petitioner                                  Respondent

Signature: _____
Alissa L. Puls (May 20, 2022 17:17 CDT)

Email: alissa_puls@hotmail.com