| | |
|---|---|
| **From:** | Natalie Cote |
| **Sent:** | Monday, December 23, 2024 11:13 AM |
| **To:** | Carsten Quinlan |
| **Cc:** | Melony Siedow; Alan King |
| **Subject:** | RE: Quinlan v. Daniel Puls, et. al. (24-cv-03990) (meet and confer) |

Mr. Quinlan,

I believe we are at an impasse with respect to the Rule 8 compliance.

Regarding the motion to strike, I appreciate your willingness to redact confidential information regarding the mandatory reporter. However, your suggestion to revise your Amended Complaint to include "paraphrased summaries" of the custody evaluation report does not alleviate our concern as that would still violate the Wisconsin family court order and Magistrate Elizabeth Cowan Wright's Order.

The additional Rule 12(f) concerns that will be set forth in our motion to strike include, but not is limited to, the following:

1. Ad hominin attacks on Defendants e.g., "Ms. Puls is simply a liar," "Ms. Puls' insane behavior" "Defendants have no hesitation in sacrificing their integrity to get what they want, and it is time for them to be held accountable for their reckless behavior."
2. Scandalous and irrelevant allegations e.g., the background information not relevant to your claims, pregnancy demands and miscarriage, lawsuit with Washington County, allegations concerning your mother as she is not a plaintiff
3. Redundant claims for relief
4. Confidential information e.g., inclusion of Alissa Puls' confidential address under Safe at Home program, inclusion of the custody evaluation report, and name of mandatory reporter.

Thank you, and have a nice holiday.

Natalie

Natalie R. Cote
Associate Attorney
Goetz & Eckland P.A.
Banks Building
615 1st Avenue NE, Suite 425
Minneapolis, MN 55413
Phone: (612) 874-1552
Cell: (651) 247-9262
Fax: (612) 331-2473
www.goetzeckland.com

This message may contain confidential and/or privileged communications and is intended only for the addressee. Unauthorized persons are strictly prohibited from reading or disseminating this email. If you have received this email by mistake, please immediately delete it from your system and notify the sender.

**Exhibit 2**

**From:** Carsten Quinlan <cjquin8@gmail.com>
**Sent:** Sunday, December 22, 2024 1:05 PM
**To:** Natalie Cote <ncote@goetzeckland.com>
**Cc:** Melony Siedow <MSiedow@goetzeckland.com>; Alan King <AKing@goetzeckland.com>
**Subject:** Re: Quinlan v. Daniel Puls, et. al. (24-cv-03990) (meet and confer)

Dear Ms. Cote,

Thank you for your email regarding my Amended Complaint. I am open to making minor adjustments to address valid concerns, but I respectfully disagree with the majority of your assertions.

1. **Alleged Violation of Rule 8:**
   The length and specificity of my Amended Complaint were directly informed by your prior assertions that my original Complaint lacked detail sufficient to state a claim. The court granted me leave to file an Amended Complaint with an increased word count, specifically to provide the additional detail your motion requested. A longer complaint was, therefore, both necessary and authorized by the court. The fact that it is comprehensive does not render it non-compliant with Rule 8, and I stand by its format and content.

2. **Alleged Violation of Rule 12(f):**
   Your claim that my Complaint is "riddled" with inflammatory or irrelevant language is vague and unsupported. If you believe specific allegations are immaterial or scandalous, I welcome a clearer explanation so I can address your concerns. That said, the factual content of my Complaint reflects the actions of your clients, and any "scandalous" nature of the allegations stems from their behavior, not my pleading. Without a very specific list of statements that you would want softened, there is no way for me to evaluate this request.

3. **Inclusion of Confidential Information:**
   I am willing to redact the name of the mandatory reporter to address your concern under Minn. Stat. § 626.577. Regarding the Custody Evaluation Report, quoting small excerpts to substantiate claims is distinct from attaching the full report as a public exhibit, and I believe my use of the material is proper. However, as a courtesy, I am willing to replace direct quotes with paraphrased summaries.

   Your claim that I plead Ms. Puls as a Minnesota resident in another case is incorrect. I encourage you to review that Complaint again carefully, as no such assertion is made. I assume you are referring to this statement: "*10. This Court has personal jurisdiction over all Defendants because all Defendants are **either** residents of, and/**or conduct business primarily within**, Minnesota. ...*" This statement, if true, does NOT necessarily imply that Ms. Puls is a resident of Minnesota. I hope that clears up your confusion on this matter.

If you wish to discuss these matters further, please email me as I am unavailable for calls on Monday. Please let me know if there are any other specific points you would like to address.

Sincerely,
Carsten J. Quinlan

On Thu, Dec 19, 2024 at 1:40 PM Natalie Cote <ncote@goetzeckland.com> wrote:

Mr. Quinlan,

We have reviewed your Amended Complaint. We write now to meet and confer on a number of concerns regarding your Amended Complaint. We plan to bring a motion to strike your Amended Complaint on the basis that it violates Fed. R. Civ. P. 8 and contains irrelevant, harassing, and confidential information. We will bring this motion if the below concerns are not promptly addressed. Importantly Mr. Quinlan, many of our concerns have been raised in your lawsuit against Washington County. In that case, your Amended Complaint was stricken.

Per Minnesota Local Rule 7.1(a), please see the following concerns with your Amended Complaint:

1. **Failure to Comply with Fed. R. Civ. P. 8(a)(2):** Under Fed.R.Civ.P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief...." The words "short and plain" are themselves short and plain, and they mean what they say: A complaint must be concise, and it must be clear. The Amended Complaint is 49 pages and 300 paragraphs. In comparing the Complaint to the Amended Complaint the added paragraphs do little to illustrate any entitlement to relief.
2. **Failure to Comply with Fed. R. Civ. P. 12(f):** Under Rule 12, any redundant, immaterial, impertinent, or scandalous matter may be stricken from a pleading. An allegation is immaterial and impertinent when not relevant to the resolution of the issue at hand and that material is scandalous if it generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court. Your Amended Complaint is riddled with such language and includes a factual background that has little to do with your claims.
3. **Inclusion of Confidential Information**: Your Amended Complaint includes confidential information. First, you include the first and last name of a mandatory reporter, which is confidential under Minn. Stat. § 626.577,subd.12b(c). Second, you include block quotes from a Custody Evaluation Report that has been deemed confidential by numerous judicial officers. You are in direct violation of such orders. Block quoting the report in your *public* Amended Complaint instead of attaching it as a public exhibit is a distinction without a difference. Finally, you include Alissa Puls' address. As you know, her address must not be used in public filings as it is confidential under the Safe at Home program. It is not clear to me as to why you continue to plead that Alissa resides in Wisconsin when you are aware of this residence and plead that she is a Minnesota resident in the case against Fraser.

If you are open to addressing the above concerns, we would not oppose a request to Magistrate Micko to file a Second Amended Complaint that complies with court orders and the Federal Rules of Civil Procedure. We are certainly happy to discuss these concerns in greater detail via telephone conference if you feel that would be productive.

Please let us know your position promptly. We will be filing a motion to strike on Monday, December 23.

Natalie

Natalie R. Cote

Associate Attorney

Goetz & Eckland P.A.

Banks Building

615 1st Avenue NE, Suite 425

Minneapolis, MN 55413

Phone: (612) 874-1552

Cell: (651) 247-9262

Fax: (612) 331-2473

www.goetzeckland.com

This message may contain confidential and/or privileged communications and is intended only for the addressee. Unauthorized persons are strictly prohibited from reading or disseminating this email. If you have received this email by mistake, please immediately delete it from your system and notify the sender.