CARSTEN J. QUINLAN,

    Plaintiff,

v.

DANIEL PULS,
CHERYL PULS, and
ALISSA PULS,

    Defendants.

Case No. 24-cv-03990-ADM-DLM

PLAINTIF'S MEMORANDUM OF LAW
IN SUPPORT OF OPPOSITION TO
DEFENDANT'S MOTION TO STRIKE

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO STRIKE

## INTRODUCTION

Plaintiff, **Carsten J. Quinlan**, respectfully opposes Defendants' Motion to Strike Plaintiff's Amended Complaint under Rule 12(f) of the Federal Rules of Civil Procedure. Defendants' motion is procedurally improper, fails to meet the narrow standards required by Rule 12(f), and reflects an effort to delay proceedings and avoid addressing the merits of Plaintiff's claims.

This memorandum addresses six key arguments demonstrating why Defendants' motion must be denied:

1. **Rule 12(f) motions to strike are narrowly construed and disfavored**, and Defendants fail to meet the stringent requirements for striking allegations.

2. **Defendants' motion to strike is procedurally improper** because it seeks to dismiss the entire complaint, which is not permissible under Rule 12(f).

3. **Defendants' motion should be interpreted as a motion for a more definite statement**, yet it fails to establish any actual vagueness or ambiguity in the Amended Complaint.

4. **The factual allegations in the Amended Complaint are relevant and not scandalous**, as they provide necessary context and support for Plaintiff's claims.

5. **References to the custody evaluation report are proper, limited, and crucial to this case**, as they directly relate to Plaintiff's claims and were included in compliance with confidentiality requirements.

6. **References to Defendant Alissa Puls' residential address are relevant and necessary**, as they expose fraudulent conduct central to Plaintiff's claims and are material to the case.

For these reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Strike in its entirety and allow the case to proceed on its merits.

# ARGUMENT

**I. RULE 12(f) MOTIONS TO STRIKE ARE NARROWLY CONSTRUED AND DISFAVORED**

Rule 12(f) provides a mechanism for striking only specific, limited defects in pleadings—namely, material that is redundant, immaterial, impertinent, or scandalous. Courts consistently recognize that motions to strike are disfavored because they are often used as dilatory tactics and rarely expedite resolution of a case. See *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000) ("*Motions to strike under Rule 12(f) are viewed with disfavor and are infrequently granted.*").

Defendants' motion does not identify specific parts of the Amended Complaint that meets the Rule 12(f) standard. Instead, Defendants improperly attempt to challenge the sufficiency of the entire pleading, which is outside the scope of Rule 12(f). Challenges to the legal sufficiency of a pleading must be raised through a motion to dismiss under Rule 12(b)(6), not a motion to strike. Even if the court finds that some portion(s) of the Amended Complaint ought to be stricken, it simply does not follow that the entire Amended Complaint must be stricken. To strike the entire Amended Complaint would be

unjustified except in the most extreme of circumstances. This Court should similarly disregard the Defendat's Motion to Strike as it is clearly a frivolous delay tactic.

**II. DEFENDANTS' MOTION TO STRIKE IS PROCEDURALLY IMPROPER**

Defendants' motion to strike improperly seeks to dismiss the entire Amended Complaint, which Rule 12(f) does not allow. Rule 12(f) is intended to remove specific defective portions of a pleading, not to challenge the overall merits or sufficiency of the claims. See *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (holding that Rule 12(f) is not a vehicle for dismissing all or part of a complaint).

The proper mechanism for Defendants to raise substantive objections to Plaintiff's claims is through a motion under Rule 12(b) or by filing an answer that asserts appropriate defenses. Defendants' reliance on Rule 12(f) to attack the entire Amended Complaint circumvents these procedures and should be rejected.

Defendant's Motion to Strike the entire Amended Complaint is improper. Defendants are whelding the 12(f) motion to strike as if it were actually a motion for a more definite statement. Defendant's objective is to have the Amended Complaint rewritten and shortened without all the facts that Plaintif believes are required to accurately plead the legal claims held agaisnt the Defentants.

Defendants claim that the Amended Complaint is too lengthy, and therefore it violates the Rule 8(a) requirement for a "*short and plain*" statement of the facts. However Plaintiff expressly requested the court's permission to amend his complaint to a length of not more than 15,000 words. This request was both granted by the court and honored by the Plaintiffs as the Amended Complaint was only 14364 words.

Further, this extension in word count for the Amended Complaint was granted after Plaintiffs explicitly cited concern for Rule 8's requirements for brevity balanced with the need to plead a vast

assortment of supporting facts. In our letter requesting an extension of the word count allowance, Plaintiff stated "*My intention was to file a 'concise and direct' complaint in accordance with Rule 8(d), which required frequent summarization of allegations. Since Defendants have challenged my ability to support my claims with additional facts, I plan on demonstrating that I can indeed support them.*"

Further, the primary purpose of the Amended Complaint was to defeat the Defendant's lengthy motion to dismiss, which also spanned 49 pages and frequently asserted that the original complaint did not plead enough information to support the legal claims against the Defendants. The increased size of the Amended Complaint was granted by the Court and was in proportion to the Defendant's motion to dismiss memorandum.

Defendants' current motion to strike is inconsistent with their prior motion to dismiss. In their motion to dismiss, Defendants argued that Plaintiff failed to plead sufficient facts to support the claims asserted. To address these concerns, Plaintiff amended the complaint to include additional factual allegations, providing greater specificity regarding the claims.

Now, Defendants argue that the Amended Complaint contains too many facts and should be stricken for being "*unnecessary*" or "*irrelevant*." This contradictory position highlights the baseless nature of their motion to strike and underscores their attempt to delay addressing the merits of Plaintiff's claims.

Federal courts routinely reject motions to strike that seek to penalize plaintiffs for providing detailed factual allegations, especially when such allegations are added in direct response to prior challenges to the sufficiency of the complaint.

Plaintiff's Amended Complaint was carefully tailored to address Defendants' prior objections. Defendants cannot now claim that the additional detail renders the pleading improper. The Amended

Complaint complies with the liberal pleading standards of Rule 8(a) and is neither redundant nor immaterial under Rule 12(f).

## III. DEFENDANTS' MOTION TO STRIKE SHOULD BE INTERPRETED AS A MOTION FOR A MORE DEFINITIVE STATEMENT, YET FAILS TO PLEAD VAGENESS OR AMBIGUITY

Due to the improper use of the Motion to Strike as a proxy for a Motion for a More Definitive Statement, Plaintiffs respectfully request that the Court interpret their motion as such and hold it to the same standards required for that type of motion. Namely, that a such a Rule 12(e) motion requires a showing that the pleading is "*so vague or ambiguous that the party cannot reasonably prepare a response.*"

Plaintiff's Amended Complaint is highly organized, specific, and clear. It is clearly not unreasonable for the Defendants to answer the list of claims. Further, Defendants have not made an argument alleging that our Amended Complaint is "*vague or ambiguous*" and therefore there is no ground for granting a Motion for a More Definitive Statement.

The closest argument they have made to support the property of "*vague or ambiguous*" is to argue that Plaintiff's list of legal claims is a "*shotgun*" or a "*kitchen sink.*" They even claim that "*every conceivable tort, regardless of their merit*" has been listed. This hyperbole is inappropriate and false. There are many concievable torts that have not been listed, for example, products liability, trespass to chattels, conversion, trade secret misappropriation, copyright infringement, etc. All the torts listed in this complaint are supported with relevant factual pleadings.

The Defendants have kidnapped my children through manipulating state authorities. In so doing they have transgressed a vast multitude of torts as well as crimes. Further, according to the princple of *Res Judicata*, Plaintiffs are obliged to bring forth all greivances against the offending party at once, and

that is precisely what we are doing. The courts and Defendants do not need to sift through all the claims to identify which ones are legitimate, they are all legitimate.

Further, Plaintiff's Amended Complaint meets the liberal pleading standards of Rule 8(a), which require only:

1. A short and plain statement of the claim showing entitlement to relief, and

2. Sufficient factual allegations to put Defendants on notice of the claims against them.

Federal courts emphasize that a complaint need only provide sufficient notice of the claims to allow the defendant to respond. See *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Plaintiff's Amended Complaint satisfies this standard by clearly alleging the factual and legal basis for the claims. The length of the complaint is necessary to plead the facts and claims with a reasonable level of specificity.

## IV. THE FACTUAL ALLEGATIONS IN THE AMENDED COMPLAINT ARE RELEVANT AND NOT SCANDALOUS

Defendants argue that portions of Plaintiff's Amended Complaint contain "*scandalous*" material that constitutes ad hominem attacks designed to harass. This argument mischaracterizes the allegations, which are factual in nature, directly relevant to Plaintiff's claims, and necessary to provide context for Defendants' malicious behavior.

**A. The Allegations Regarding Defendants' Conduct Are Relevant and Material**

Federal Rule of Civil Procedure 12(f) allows courts to strike allegations that are "redundant, immaterial, impertinent, or scandalous." However, courts consistently hold that allegations providing necessary context for the claims at issue cannot be deemed "immaterial" or "scandalous," even if they cast the opposing party in a negative light. See *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 664 (7th Cir. 1992) ("*Scandalous allegations... may only be stricken if the matter bears no possible relation to the controversy.*").

The Amended Complaint details Defendants' actions and motivations to demonstrate their intent and provide a coherent narrative for Plaintiff's claims, including malicious prosecution and interference with custody. Allegations about Defendant Alissa Puls' obsession with having children, for instance, are directly relevant because they establish a plausible motive for her alleged malicious behavior. Courts routinely uphold the inclusion of such facts where they are material to a claim.

**B. The Allegations Reflect Defendants' Motivations, Not Ad Hominem Attacks**

Defendants cite specific language in the Amended Complaint, claiming it constitutes ad hominem attacks. However, these statements are not personal insults; rather, they accurately describe the egregious nature of Defendants' conduct and are essential to articulating the severity and malicious intent behind their actions.

For example, allegations about Ms. Puls' obsession with having children and her subsequent actions provide critical context for why she would engage in malicious and deceptive conduct to achieve her objective of full control over the children. These are factual assertions necessary to explain her intent and the plausibility of Plaintiff's claims.

Terms like "*reckless behavior,*" "*insane behavior,*" and "*sacrificing integrity*" are not vulgar or gratuitous. They are accurate characterizations of Defendants' actions and directly tied to Plaintiff's legal claims. For instance, the allegations of malicious prosecution require Plaintiff to demonstrate improper motive and reckless disregard for Plaintiff's rights.

**C. Allegations Reflecting on Defendants' Character Are Necessary to Explain Their Conduct**

While courts may strike allegations that serve no purpose other than to harm a party's reputation, that is not the case here. Allegations regarding Defendants' moral character and decision-making are critical to understanding the malicious nature of their actions.

In this case, it would be impossible to explain the heinous and extreme lengths Defendants went to without pleading facts that reveal their moral disposition and motivations. These allegations provide critical context and help establish the plausibility of Plaintiff's claims.

Defendants' reliance on prior court warnings about "*scandalous*" material in other pleadings is misplaced. The allegations in this Amended Complaint were carefully tailored to avoid gratuitous or irrelevant material. Instead, they focus on facts necessary to establish motive, intent, and context for Defendants' actions.

The inclusion of these allegations reflects Plaintiff's efforts to comply with Rule 8(a) while ensuring the narrative is sufficiently detailed to meet federal pleading standards. The Amended Complaint does not include vulgar, inflammatory, or unnecessary language but instead provides accurate and relevant descriptions of Defendants' conduct.

**V. THE REFERENCES TO THE CUSTODY EVALUATION REPORT ARE PROPER, LIMITED, AND CRUCIAL TO THIS CASE**

Defendants argue that Plaintiff improperly included references to a custody evaluation report in the Amended Complaint, asserting that these references violate prior court orders and are irrelevant. This argument is both inaccurate and misleading. Plaintiff has substantially complied with all applicable orders while ensuring that only the most relevant portions of the custody evaluation report are referenced in a manner that supports Plaintiff's claims and protects the best interests of the children.

**A. Plaintiff Has Substantially Complied with Court Orders Regarding Confidentiality**

Plaintiff has taken significant care to comply with confidentiality requirements concerning the custody evaluation report. The Amended Complaint quotes only small, carefully selected portions of the custody evaluation report that are directly relevant to Plaintiff's claims. These quotations do not disclose

sensitive details, such as the children's names or specific health information, thereby respecting their privacy.

In compliance with prior instructions, Plaintiff has ensured that the custody evaluation report is filed under seal. This approach balances the need to use the report for legitimate purposes with confidentiality concerns. Plaintiff's actions demonstrate substantial compliance, and Defendants' blanket request to strike all references to the report is unwarranted.

**B. The Custody Evaluation Report Is Highly Relevant to the Claims**

The custody evaluation report is central to Plaintiff's claims and is not "*impertinent*," as Defendants assert. The custody evaluation report contains findings that strongly corroborate Plaintiff's allegations of malicious prosecution, interference with custody, and conspiratorial behavior by Defendants.

The report also provides essential context for why Defendant Alissa Puls instigated false claims against Plaintiff and took extraordinary measures to secure full custody. These findings are directly relevant to demonstrating Defendants' improper motives.

The real reason Defendants seek to strike these references is not because they are irrelevant, but because the report contains findings that are deeply incriminating toward Defendants. Courts should not permit striking relevant material merely because it casts the opposing party in an unfavorable light. See *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 664 (7th Cir. 1992) ("*Scandalous allegations may only be stricken if they bear no possible relation to the controversy.*").

**C. Defendants' Conduct Has Rendered the Confidentiality Agreement Void**

The original agreement to keep the custody evaluation report confidential arose during the divorce settlement. However, Defendant Alissa Puls breached this agreement by unilaterally taking full custody of the children only 49 days later, in direct violation of the settlement terms. Under these

circumstances, Plaintiff is entitled to use the report as a matter of self-defense and to protect the children from further harm caused by Defendants' abusive behavior.

Confidentiality agreements cannot shield wrongful conduct. Courts recognize that exceptions to confidentiality exist when disclosure is necessary to protect a party's rights or to prevent harm. See *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 788 (3d Cir. 1994) ("*When a party's misconduct is at issue, the need for confidentiality must yield.*").

**D. Plaintiff's Possession of the Report Is Lawful and Proper**

Defendants imply that Plaintiff improperly obtained a copy of the custody evaluation report. This is false. Plaintiff lawfully accessed the report as a pro se litigant in the family law case (*Wisconsin, Dane County, 2021FA001002*) through the Wisconsin ECF system, where he had access to all case records. Plaintiff's possession and use of the report in this litigation are entirely appropriate.

**E. Striking References to the Report Would Prejudice Plaintiff's Ability to Pursue His Claims**

Striking references to the custody evaluation report would significantly prejudice Plaintiff by depriving him of critical evidence needed to prove his claims. Defendants cannot simultaneously rely on confidentiality to suppress relevant information while engaging in conduct that necessitates its disclosure. Courts should balance confidentiality concerns against the fundamental fairness of allowing Plaintiff to present his case.

**VI. REFERENCES TO DEFENDANT ALISSA PULS' RESIDENTIAL ADDRESS ARE RELEVANT AND NECESSARY**

Defendants argue that referencing Defendant Alissa Puls' residential address violates the Minnesota Safe at Home Program and is immaterial to the case. This argument mischaracterizes the facts and ignores the relevance of her address to Plaintiff's claims.

The Safe at Home Program is intended to protect individuals facing genuine danger, but Defendant Alissa Puls' participation is based on false claims. Defendant likely relied on fraudulent allegations, including a restraining order obtained through deception, to secure access to the program. The fraudulent use of a "Safe at Home" address precisely is an example of a defamatory statement made against myself, as it implies that Plaintiff would otherwise be a physical threat to Defendant Alissa Puls' safety.

Defendant's actual address is also relevant to demonstrating her misrepresentation of residency. Defendant Alissa Puls primarily resides in Wisconsin while fraudulently claiming Minnesota residency to access Washington County schools. Although diversity is not the primary basis for personal jurisdiction (Federal Question is the basis), in the event that, for some reason, it becomes relevant then the residency of Defendant Alissa Puls is plead with specificity.

The address referenced in the Amended Complaint was lawfully obtained before Defendant's participation in the program. The reference to her address is appropriate as an example of Defendant Alissa Puls' diverse abuse of legal processes to harm and defame Plaintiff.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Strike in its entirety. The Amended Complaint contains allegations that are relevant, material, and supported by factual pleadings. None of the allegations meet the narrow standard required under Rule 12(f) to justify striking portions of a pleading, and Defendants' motion is an improper attempt to delay addressing the merits of the case.

Denying this motion will ensure that the case proceeds without further delay and allows the parties to move toward a resolution on the merits.

Respectfully submitted,

*[signature: Carsten Quinlan]*

Carsten J. Quinlan
Plaintiff, Pro Se

Date:     January 10, 2024
Address:  8643 Hudson Bay
          Woodbury, MN 55125
Phone:    (925) 980 7210
Email:    cjquin8@gmail.com