UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Carsten J. Quinlan, | Civil No. 24-CV-3990 (ADM/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| Daniel Puls; Cheryl Puls; and Alissa Puls, | |
| Defendants. | |

---

Plaintiff Carsten J. Quinlan, pro se.

Alan P. King, Esq., and Natalie Cote, Esq., Goetz & Eckland, PA, for Defendants.

___

Plaintiff Carsten J. Quinlan brings this action against his former spouse and his former spouse's parents for alleged violations of both his federal constitutional rights and of state law. Quinlan recently applied for in forma pauperis ("IFP") status going forward in this proceeding.[1] See Docket No. 52. Because Quinlan has applied for IFP status, his pleading is subject to substantive review by the Court pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court has conducted the required review of the operative pleading[2]

---

[1] Quinlan has already paid the filing fee for this matter, but his IFP application is not moot, as IFP status would entitle Quinlan to certain other ancillary costs of litigation. See 28 U.S.C. § 1915(c).

[2] The Court regards Quinlan's second amended complaint [Docket No. 53] as the operative pleading in this matter. See Fed. R. Civ. P. 15(a)(2); Docket No. 51 at 25 (granting Quinlan leave to file the second amended complaint).

and concludes that Quinlan has failed to state a claim on which relief may be granted under federal law and has failed to plead facts establishing that the Court has original jurisdiction over his state-law claims. Accordingly, this action is dismissed in its entirety.

## 1.  Standard of Review

An IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, the Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

## 2.  Federal-Law Claims

The operative pleading raises three claims that can be interpreted as arising under federal law. In Count Two of the pleading, Quinlan claims that each of the defendants violated his federal constitutional due process rights by "knowingly provid[ing] false

2

information to law enforcement, child protective services, courts, and medical professionals with the goal of provoking state action against Plaintiff, including restrictions on parenting time and medical authority." Second Amended Complaint ¶ 149 [Docket No. 53]. In Count Three of the pleading, Quinlan alleges that his former spouse's conduct following their divorce—specifically, her "numerous threats . . . to report Plaintiff to law enforcement or other authorities if he continued asserting his parental rights," id. ¶ 157, and her subsequent statements to various authorities that Quinlan regards as false, id. ¶ 159—amounts to a violation of Quinlan's First Amendment rights. Each of these claims arises, according to the pleading, pursuant to 42 U.S.C. § 1983. Finally, Quinlan alleges in Count One of the operative pleading that each of the defendants unlawfully conspired against him. Although Quinlan does not specify whether this conspiracy claim is brought pursuant to federal law or state law, Count One can reasonably be interpreted as seeking relief pursuant to 42 U.S.C. § 1985.

Section 1983 offers a vehicle for recovery only against persons who act "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." Stated more succinctly, "[o]nly state actors can be held liable under Section 1983." Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001). None of the defendants are alleged to be employees or agents of the state. This is a substantial hurdle for Quinlan to overcome in seeking relief under § 1983 from his former spouse and her parents.

Quinlan does try to bound that hurdle, however, pointing out that "'in a few limited circumstances,' a private entity 'can qualify as a state actor,' including 'when the

3

private entity performs a traditional, exclusive public function,' and 'when the government acts jointly with the private entity.'" Doe v. North Homes, Inc., 11 F.4th 633, 637 (8th Cir. 2021) (quoting Halleck v. Manhattan Cmty. Access Corp., 587 U.S. 802, 809 (2019).  It was defendants, alleges Quinlan, who alerted the authorities by making false complaints, filing false police reports, offering false testimony, and so on.  Any constitutional violations attributable to those state employees, Quinlan continues, should therefore also be found to be attributable to the defendants, who (according to the complaint) acted as auxiliaries of the state.[3]

The problem with this argument is that it is well established that "the mere invocation of state legal procedures, including police assistance, does not convert a private party into a state actor." Wickersham v. City of Columbia, 481 F.3d 591, 598 (8th Cir. 2007); Walker v. Ware, No. 5:19-CV-05189, 2021 WL 256810, at *2 (W.D. Ark. Jan. 25, 2021) ("A private individual or entity who reports a crime, provides information to the police, responds to questions by the police, and is a potential witness for the prosecution does not act under color of law.").  That a private actor does something which, in turn, causes state actors to act is not by itself sufficient to establish that the private actor can be treated as a state actor for purposes of § 1983.

What would instead be needed for defendants to be subject to liability under § 1983 are plausible allegations from Quinlan that state actors delegated onto defendants

---

[3] Quinlan is seeking relief pursuant to 42 U.S.C. § 1983 from Washington County, Minnesota; the City of Woodbury, Minnesota; and various public employees in a separate proceeding.  See Quinlan v. Washington County, No. 24-CV-2782 (KMM/SGE) (D. Minn.).  That litigation remains ongoing.

4

a function that typically rests with the state, see North Homes, Inc., 11 F.4th at 637-38; or that defendants were sufficiently in concert with state actors that defendants' actions could plausibly be found by a factfinder to be an action of the state itself.  See Alexis v. McDonald's Restaurants of Mass., Inc., 67 F.3d 341, 351-52 (1st Cir. 1995).  The allegations in Quinlan's second amended complaint, even if accepted as true (which the Court must at this stage of proceedings), do not establish a plausible basis for concluding that defendants performed functions of the state or acted as functionaries of the state.  Accordingly, Quinlan has not pleaded a viable claim for relief under § 1983.

Nor has Quinlan established a plausible basis for relief under § 1985 (assuming that relief is being sought at all under that provision as part of Quinlan's conspiracy claim).  Quinlan does not allege that defendants conspired to perform a function or discharge a duty on behalf of the federal government, and thus § 1985(1) does not apply.  Quinlan does not allege that defendants conspired to prevent him from testifying or otherwise participating in a legal proceeding, or that they conspired to otherwise obstruct justice, and thus § 1985(2) does not apply.  And Quinlan does not contend that the alleged familial conspiracy against him resulted from class-based animus.  See Federer v. Gephardt, 363 F.3d 754, 759 (8th Cir. 2004) (citing Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993)).  Any claims under § 1985(3), if pleaded, would therefore necessarily fail as well.

### 3.  State-Law Claims

The bulk of Quinlan's complaint concerns not these federal-law claims, but rather a litany of claims arising under state law, including claims of defamation, fraud,

malicious prosecution, and breach of contract.  No federal question of law is presented by these claims, see 28 U.S.C. § 1331, and thus the Court has original jurisdiction over the claims only if the parties are of diverse citizenship from one another and more than $75,000 is at stake in this proceeding.  See 28 U.S.C. § 1332.  Furthermore, § 1332(a) requires complete diversity of citizenship—every plaintiff must be a citizen of a different state from every defendant.  See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (citing Strawbridge v. Curtiss, 3 Cranch (7 U.S.) 267 (1806)).

Quinlan invokes § 1332 as a statutory basis for jurisdiction over his state-law claims through the following allegations:

> 12. Plaintiff is an adult residing in Minnesota.
>
> 13. Defendant Alissa Puls is an adult residing in either Minnesota or Wisconsin.
>
> 14. Defendant Cheryl Puls is an adult residing in Wisconsin.
>
> 15. Defendant Daniel Puls is an adult residing in Wisconsin.

Second Amended Complaint ¶¶ 12-15; cf. Reece v. Bank of New York Mellon, 760 F.3d 771, 778 (8th Cir. 2014) (explaining that use of the verb "to reside" is sufficient to establish citizenship within the state in which the party is said to reside).  However, the inclusion of the word "either" is fatal to jurisdiction under § 1332(a).  If Alissa Puls is a citizen of Minnesota—and Quinlan fails to allege that she is not a citizen of Minnesota—

6

then there is not complete diversity of citizenship among the parties.[4] Quinlan's failure to adequately plead diversity therefore also means that Quinlan has failed to adequately plead that the Court has original jurisdiction over his state-law claims. See Fed. R. Civ. P. 8(a)(1); Walker v. Norwest Corp., 108 F.3d 158, 161 (8th Cir. 1997) (noting that the plaintiff has burden to plead the citizenship of the parties when attempting to invoke diversity jurisdiction).

The Court can exercise subject-matter jurisdiction over the state-law claims only by extending supplemental jurisdiction over those claims. See 28 U.S.C. § 1367. But doing so would be inappropriate, given that each of Quinlan's federal-law claims is being summarily dismissed at the pleading stage. See, e.g., Hervey v. Cnty. of Koochiching, 527 F.3d 711, 726-27 (8th Cir. 2008).

### 4. Conclusion

Quinlan's state-law claims will therefore be dismissed without prejudice for lack of subject-matter jurisdiction. His federal-law claims, by contrast, will be dismissed with prejudice; Quinlan has now had several opportunities to plead a claim for relief under

---

[4] In concluding that § 1332(a) does not provide original jurisdiction over Quinlan's state-law claims, the Court rests upon the insufficiency of the pleading's jurisdictional allegations. See Fed. R. Civ. P. 8(a)(1) (requiring plaintiff to plead facts establishing the jurisdiction of the court). That said, there is substantial evidence in the record from which to conclude that Alissa Puls is, like Quinlan, a citizen of Minnesota, not Wisconsin. See Affidavit of Natalie Cote ("Cote Aff.") Ex. 2 [Docket No. 19-2] ("Safe at Home" identification card suggesting that Alissa Puls has a Minnesota address); Cote Aff. Ex. 6 [Docket No. 19-5] (order of Wisconsin state court dated August 5, 2024, directing that custody litigation be transferred to Minnesota state court "due to both parties living in Washington County, MN.").

7

federal law against the defendants and has failed to do so. This action thus is dismissed in its entirety, and Quinlan's pending IFP application is denied in light of the dismissal.

Only one other matter merits brief comment. Quinlan earlier requested a temporary restraining order ("TRO"), asking that the Court "prevent Defendants from engaging in further harassment, stalking, monitoring, and interference with his legal rights." See Docket No 41 ¶ 1. On April 7, 2025, Magistrate Judge Douglas L. Micko issued a Report and Recommendation ("R&R") recommending that the motion for a TRO be denied on the basis that Quinlan had not established that he was in danger of imminent irreparable harm. See Docket No. 50 at 23-25 (citing Dataphase Sys. v. C.L. Sys., 640 F.2d 109, 114 (8th Cir. 1981) (en banc)). Quinlan did not object to the R&R, and the deadline for objecting has now passed. In any event, the Court has reviewed the R&R and agrees with the reasoning provided for the recommendation that the TRO motion be denied. The Court will therefore adopt the R&R—and offer another reason why Quinlan's TRO must be denied. Quinlan cannot establish entitlement to preliminary injunctive relief if he has no chance of success on the merits of his claims. See, e.g., Curtis 1000, Inc. v. Suess, 24 F.3d 941, 945 (7th Cir. 1994). Every claim brought by Quinlan over which the Court has jurisdiction is being dismissed with prejudice; none of those claims have any chance of success. Quinlan's request for a TRO therefore necessarily must be denied on that basis as well.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. This matter is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) as follows:

    a. All claims brought under federal law are **DISMISSED WITH PREJUDICE.**

    b. All claims brought under state law are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

2. The application to proceed <u>in forma pauperis</u> of plaintiff Carsten J. Quinlan [Docket No. 52] is **DENIED**.

3. The April 7, 2025 Report and Recommendation [Docket No. 50] is **ADOPTED**.

4. Plaintiff's motion for a temporary restraining order [Docket No. 41] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

<u>s/Ann D. Montgomery</u>
Dated: May 14, 2025              Ann D. Montgomery
                                 United States District Judge