UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Carsten J. Quinlan,

        Plaintiff,

v.

Daniel Puls; Cheryl Puls; and Alissa Puls,

        Defendants.

MEMORANDUM OPINION
AND ORDER
Civil No. 24-CV-3990 ADM/DLM

Plaintiff Carsten J. Quinlan, pro se.

Alan P. King, Esq., and Natalie Cote, Esq., Goetz & Eckland, PA, for Defendants.

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendants Daniel Puls, Cheryl Puls, and Alissa Puls' (collectively, "Defendants") Motion for Attorney Fees [Docket No. 63] pursuant to 42 U.S.C. § 1988(b).  Defendants seek an award of $18,671 in attorney's fees against Plaintiff Carsten J. Quinlan ("Quinlan").  Quinlan has filed a Response [Docket No. 72] opposing the Motion.  For the reasons stated below, the Motion is denied.

## II.  BACKGROUND

In October 2024, Quinlan filed this suit pro se against his former spouse (Defendant Alissa Puls) and her parents (Defendants Daniel and Cheryl Puls) for alleged violations of both his federal constitutional rights and of state law.  Quinlan alleged that Defendants conspired to deprive him of his parental rights by making false claims of domestic violence and sexual abuse

to the police, child protective services, and the courts.  Compl. [Docket No. 1] ¶¶ 5,6, 72-73, 79-80.  The Complaint asserted 14 causes of action, including a federal claim under 42 U.S.C. § 1983 for allegedly violating Quinlan's due process rights, and state law claims for conspiracy, defamation, negligence, fraud and misrepresentation, malicious prosecution, abuse of process, negligent infliction of emotional distress, willful and wonton misconduct, harassment, tortious interference, assault and battery, intentional infliction of emotional distress, and breach of contract.  Id. ¶¶ 69-184.

Defendants filed a Motion to Dismiss [Docket No. 17], arguing that the Complaint failed to state a claim under § 1983 because the mere furnishing of information to police officers and other government officials does not constitute joint action with state actors that would render a private citizen liable under § 1983.  Mot. Dismiss at 11-12.  Defendants also argued that the Court lacked jurisdiction over Quinlan's state law claims because Quinlan and Defendant Alissa Puls both reside in Minnesota, and thus complete diversity of citizenship was lacking under 28 U.S.C.§ 1332.  Id. at 8-9, 12-13.  Defendants submitted exhibits showing that Quinlan had represented to courts in Dane County, Wisconsin and Washington County, Minnesota that Alissa Puls resides in Minnesota.  See Def. Exs. 4, 5 [Docket No. 19, Attachs. 4, 5].

Quinlan responded to the Motion to Dismiss by timely filing a First Amended Complaint ("FAC") [Docket No. 28] pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), thereby mooting Defendants' dismissal motion.  See Text Only Order [Docket No. 29].  The FAC spanned 49 pages and continued to allege violations of § 1983 and that Defendant Alissa Puls resides in Wisconsin.  See FAC ¶¶ 13, 147, 160-181.

In December 2024, Defendants filed a motion to strike the FAC, arguing that it violated the "short and plain" requirement in Fed. R. Civ. P. 8(a)(2) and included scandalous,

2

confidential, redundant, and irrelevant allegations that were prohibited under Fed. R. Civ. P. 12(f).  Mot. Strike [Docket No. 30]; Mem. Supp. Mot. Strike [Docket No. 32] at 4-12.  While the motion to strike was pending, Quinlan filed a motion for a Temporary Restraining Order ("TRO"), asking that the Court "prevent Defendants from engaging in further harassment, stalking, monitoring, and interference with his legal rights."  Mot. TRO [Docket No. 41] ¶ 1.

On April 7, 2025, United States Magistrate Judge Douglas L. Micko granted Defendants' motion to strike the FAC and ordered Quinlan to submit a second amended complaint that complied with the "short and plain" requirement in Fed. R. Civ. P. 8(a)(2).  See Order [Docket No. 51] at 21.  Judge Micko also issued a Report and Recommendation ("R&R") recommending that Quinlan's motion for a TRO be denied for failure to establish more than speculative harm.  See R&R [Docket No. 50] at 23-25.

On April 18, 2025, Quinlan filed an in forma pauperis ("IFP") application [Docket No. 52] to proceed without prepaying fees or costs.  Quinlan then filed a Second Amended Complaint ("SAC") [Docket No. 53] with 26 exhibits totaling over 1,900 pages.  See Exs. [Docket No. 54-1 to 54-26].  Docket No. 52.  Like Quinlan's previous complaints, the SAC alleged violations of § 1983 and numerous claims under state law.  See generally SAC.  Regarding Defendant Alissa Puls' citizenship, the SAC alleged that she resides "in either Minnesota or Wisconsin."  SAC ¶ 13.

Because Quinlan applied for IFP status, his pleading was subject to substantive review by the Court pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court conducted the required review of the SAC and concluded that Quinlan failed to state a claim on which relief may be granted.  See Order [Docket No. 61].  The Court held that Quinlan's § 1983 claims were not viable because the SAC's allegations did not establish a plausible basis for concluding that Defendants

3

performed functions of the state or acted as functionaries of the state. Id. at 4-5. The Court also found that the SAC failed to allege facts to support a plausible conspiracy claim under 42 U.S.C. § 1985. Id. at 5. The remaining state law claims were dismissed because the SAC failed to allege complete diversity of citizenship among the parties. Id. at 5-7. The Court also adopted Judge Micko's R&R recommending that Quinlan's motion for a TRO be denied. Id. at 8.

Defendants now move for an award of $18,671 in attorney's fees pursuant to 42 U.S.C. § 1988(b). They argue that Quinlan's federal claims were frivolous and that he continued to litigate the case after Defendants had provided him with case law showing that his claims lacked merit. Defendants also argue that Quinlan's allegation that Defendant Alissa Puls resides in "either Minnesota or Wisconsin" was a frivolous attempt to establish diversity jurisdiction and avoid dismissal of this action.

Quinlan opposes the motion, arguing that his claims were not frivolous and that the circumstances of this case do not meet the high standard for assessing attorney's fees against a civil rights plaintiff under 42 U.S.C. § 1988.

### III.  DISCUSSION

Under the "American Rule," each party normally bears its own attorney's fees unless Congress provides otherwise. Fox v. Vice, 563 U.S. 826, 832 (2011); Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). By enacting 42 U.S.C. § 1988, Congress authorized district courts to award a reasonable attorney's fee to the prevailing party in various civil rights cases, including suits under § 1983 and § 1985. Fox, 563 U.S. at 832-33; Hensley, 461 U.S. at 429; 42 U.S.C. § 1988(b). "The purpose of § 1988 is to ensure effective access to the judicial process for persons with civil rights grievances." Hensley, 461 U.S. at 429 (internal quotations omitted).

4

The legal standard for awarding attorneys' fees under § 1988 differs depending on whether the prevailing party is a plaintiff or a defendant.  Whereas a successful plaintiff should "ordinarily" be awarded an attorney's fee, a prevailing defendant may be awarded attorney's fees only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation."  Fox, 563 U.S. at 833 (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 417, 421 (1978)).  The "strict nature" of the standard for awarding attorney's fees to prevailing defendants "is premised on the need to avoid undercutting Congress'[s] policy of promoting vigorous prosecution of civil rights."  Chester v. St. Louis Hous. Auth., 873 F.2d 207, 209 (8th Cir. 1989) (quoting Miller v. Los Angeles Cnty Bd. of Educ., 827 F.2d 617, 619 (9th Cir. 1987) (alteration in original).

The stringent standard applies with "special force" in actions initiated by pro se plaintiffs.  Hughes, 449 U.S. at 15.  The Supreme Court has stated that "attorney's fees should rarely be awarded against such plaintiffs."  Id.  This is because "[p]ro se plaintiffs cannot simply be assumed to have the same ability as a plaintiff represented by counsel to recognize the objective merit (or lack of merit) of a claim."  Chester, 873 F.2d at 209 (quoting Miller, 827 F.2d at 620)  As such, the court must give "attention to the plaintiff's ability to recognize the merits of his or her claims."  Id. (quoting Miller , 827 F.2d at 620).  For example, in circumstances where a pro se plaintiff repeatedly attempts to litigate claims that have previously been found to be frivolous, an award of attorney's fees to the prevailing defendant is appropriate because the plaintiff was on notice that the claims lacked merit.  Id.; Miller, 827 F.2d at 620; Baker v. Davidson, No. 5:21-CV-05093, 2023 WL 5515840, at *2 (D.S.D. Aug. 25, 2023).

The Court finds that this is not one of the rare cases in which attorney's fees should be awarded against a pro se civil rights plaintiff.  While it is true that Quinlan's federal claims lack

5

merit, his pro se status hinders his ability to recognize the objective merit of those claims. Quinlan was not on notice that his claims lacked merit because he had not litigated the claims before.  Nor was Quinlan not required to accept the legal arguments presented by Defendants' counsel about the deficiencies of the claims.  Under these circumstances, the demanding standard for imposing attorney fees on a pro se civil rights plaintiff has not been met, and Defendants' motion for attorney's fees is denied.

Quinlan is cautioned, however, that future efforts to relitigate his federal claims will likely result in the imposition of an attorney's fee award against him.  See Miller, 827 F.2d at 620 ("[R]epeated attempts by a pro se plaintiff to bring a claim previously found to be frivolous militates in favor of awarding attorney's fees to a prevailing defendant."); Baker v. Davidson, No. 5:21-CV-05093-KES, 2023 WL 5515840, at *2 (D.S.D. Aug. 25, 2023) (holding imposition of attorney fee award against pro se Title VII plaintiff was appropriate where plaintiff had litigated nearly identical claims in the past and was on notice that the claims were frivolous).

## IV.  CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendants Daniel Puls, Cheryl Puls, and Alissa Puls' Motion for Attorney Fees [Docket No. 63] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

Dated:  August 29, 2025

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

6